**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| MIRIAM KAMMER,<br>Plaintiff,<br><br>v.<br><br>FRANK BISIGNANO,<br>*Commissioner of Social Security*,<br>Defendant. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>: | NO. 4:25-CV-01722<br><br><br><br>(CAMONI, M.J.) |

## MEMORANDUM OPINION

Plaintiff Miriam Kammer brought this action under 42 U.S.C. §§ 1383(c)(3) and 405(g), seeking judicial review of the final decision of the Commissioner of Social Security denying her claim for disability insurance benefits under Title II of the Social Security Act. Complaint, doc. 1; Transcript, doc. 5-3 at 12. She challenges the Administrative Law Judge's (ALJ) assessment of her residual functional capacity. *See* Pl.'s Br., doc. 9 at 1. Because the ALJ's determinations are supported by substantial evidence, the Court will affirm the decision of the Commissioner.

# I. BACKGROUND

## A. Procedural History

On November 15, 2022, Kammer applied for disability insurance benefits under Title II of the Social Security Act, alleging onset of disability beginning June 1, 2021. Doc. 5-3 at 12. Following an initial denial, Kammer submitted an appeal, requesting a hearing before an ALJ. Doc. 5-4 at 26. The ALJ conducted the hearing and determined that Kammer was not disabled. Doc. 5-2 at 36.

Kammer filed a request for review of the ALJ's decision, which the Appeals Council denied. *Id.* at 2. The ALJ's decision, therefore, became the final decision of the Commissioner. 42 U.S.C. § 405(g). Pending before this Court is Kammer's action seeking judicial review of the Commissioner's decision. Complaint, doc. 1. This case is fully briefed (docs. 9-11) and ripe for resolution. The parties consented to the jurisdiction of a United States Magistrate Judge to conduct all proceedings in this case, pursuant to 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73, including entry of final judgment. Doc. 8.

### B. The Disability Determination Process

To determine whether a claimant is disabled under the Social Security Act, an ALJ applies a "five-step sequential evaluation process." 20 C.F.R. § 404.1520(a)(4). The ALJ assesses whether the claimant:

1. has engaged in substantial gainful activity since the onset of the alleged disability;
2. had a severe medically determinable impairment;
3. suffered from an impairment listed in the regulations as presumptively disabling;
4. could return to his past work; and
5. could perform other available work in the national economy.

*See* § 404.1520(a)(4)(i)–(v).

Between steps three and four, the ALJ also determines whether the claimant's RFC allows the claimant to continue his previous employment. § 404.1520(a)(4)(iv). RFC "is the most [a claimant] can still do despite" impairments. § 404.1545(a)(1). The claimant bears the burden of persuasion through step four, while at step five, the burden shifts to the Secretary to show that the claimant can perform substantial gainful employment other than the claimant's past relevant work. *Williams v.*

*Sullivan*, 970 F.2d 1178, 1181 (3d Cir. 1992), citing *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).

### C. Issues on Appeal

After following the five-step sequential analysis, the ALJ determined that Kammer "has not been under a disability . . . from June 1, 2021, through the date of this decision." Doc. 5-2 at 36. The ALJ determined at the RFC stage that Kammer has the ability:

> to perform light work as defined in 20 CFR 404.1567(b) except could occasionally climb ramps and stairs but never climb ladders, ropes, or scaffolds; could occasionally balance, stoop, kneel, crouch, and crawl; could frequently work at unprotected heights, around moving mechanical parts, and operated a motor vehicle; could frequently work in weather, in humidity and wetness, in dust, odors, fumes, and pulmonary irritants, and extremes of cold and heat; and limited to simple work, but not at a production rate pace, such as assembly line work with occasional changes in the routine work setting.

*Id.* at 25. The ALJ denied Kammer's disability claim at step five, after considering her "age, education, work experience, and residual functional capacity," because he found that "there are jobs that exist in significant numbers in the national economy that the claimant can perform." *Id.* at 35.

On appeal, Kammer argues that the ALJ erred by: (1) failing to properly evaluate a consultative examiner's opinion; and (2) failing to incorporate all of the RFC limitations from reviewing psychologists' opinions that the ALJ found generally persuasive. Doc. 9 at 1. The Court, adhering to the deferential standard of review outlined below, will affirm the decision of the Commissioner.

## II. **LEGAL STANDARD**

In reviewing the Commissioner's final decision denying a claimant's application for benefits, the Court is limited to determining whether the findings of the final decision-maker are supported by substantial evidence in the record. *See* 42 U.S.C. § 1383(c)(3) (incorporating 42 U.S.C. § 405(g) by reference); *Johnson v. Comm'r of Soc. Sec.*, 529 F.3d 198, 200 (3d Cir. 2008); *Ficca v. Astrue*, 901 F. Supp. 2d 533, 536 (M.D. Pa. 2012). Under the substantial-evidence standard, a court examines an existing administrative record and asks whether it contains sufficient evidence to support the agency's factual determinations. *Biestek v. Berryhill*, 587 U.S. 97, 102 (2019). Substantial evidence does not mean a large or considerable amount of evidence, but rather "such relevant evidence as a reasonable mind might accept as adequate to support a

conclusion." *Id.* at 103; *see also Pierce v. Underwood*, 487 U.S. 552, 565 (1988). Substantial evidence is less than a preponderance of the evidence but more than a mere scintilla. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). A single piece of evidence is not substantial evidence if the ALJ ignores countervailing evidence or fails to resolve a conflict created by the evidence. *Mason v. Shalala*, 994 F.2d 1058, 1064 (3d Cir. 1993). In an adequately developed factual record, however, substantial evidence may be "something less than the weight of the evidence, and the possibility of drawing two inconsistent conclusions from the evidence does not prevent [the ALJ's decision] from being supported by substantial evidence." *Consolo v. Fed. Mar. Comm'n*, 383 U.S. 607, 620 (1966). "In determining if the Commissioner's decision is supported by substantial evidence the court must scrutinize the record as a whole." *Leslie v. Barnhart*, 304 F. Supp. 2d 623, 627 (M.D. Pa. 2003). In reviewing the record for substantial evidence, "[n]either the district court nor [the Third Circuit] is empowered to weigh the evidence or substitute its conclusions for those of the fact-finder." *Williams*, 970 F.2d at 1182. To reverse the ALJ's findings and decision, the Court "must find that the evidence not

only supports [a contrary] conclusion but compels it." *Immigr. & Naturalization Serv. v. Elias-Zacarias*, 502 U.S. 478, 481 n.1 (1992).

The question before the Court, therefore, is not whether Kammer is disabled, but whether the Commissioner's finding that Kammer is not disabled is supported by substantial evidence and was reached based upon a correct application of the relevant law. *See Arnold v. Colvin*, No. 12-2417, 2014 WL 940205, at *1 (M.D. Pa. Mar. 11, 2014) ("[I]t has been held that an ALJ's errors of law denote a lack of substantial evidence."); *Burton v. Schweiker*, 512 F. Supp. 913, 914 (W.D. Pa. 1981) ("The [Commissioner]'s determination as to the status of a claim requires the correct application of the law to the facts."); *see also Wright v. Sullivan*, 900 F.2d 675, 678 (3d Cir. 1990) (noting that the scope of review on legal matters is plenary); *Ficca*, 901 F. Supp. 2d at 536 ("[T]he court has plenary review of all legal issues decided by the Commissioner."). In determining that question, the Court must evaluate whether the ALJ's decision meets the burden of articulation necessary to enable judicial review; that is, the ALJ must articulate the reasons for his decision beyond stating bare conclusions. *Burnett v. Comm'r of Soc. Sec.*, 220 F.3d 112, 119 (3d Cir. 2000).

## III. ANALYSIS

Kammer argues that the ALJ erred by: (1) failing to properly evaluate a consultative examiner's opinion; and (2) failing to incorporate all of the RFC limitations from reviewing psychologists' opinions that the ALJ found persuasive. Doc. 9 at 1. After careful review, the Court finds that the ALJ's decision was supported by substantial evidence and will affirm.

### A. The ALJ properly evaluated Dr. Konecke's opinion.

Kammer first argues that the ALJ failed to properly evaluate Dr. Konecke's opinion because the ALJ rejected Dr. Konecke's "consulting opinion in favor of the reviewing opinions." Doc. 9 at 10.

For claims filed on or after March 27, 2017, the Social Security Administration "will not defer or give any specific evidentiary weight . . . to any medical opinion(s) or prior administrative medical finding(s), including those from [a claimant's] medical sources." § 416.920c(a). As such, the ALJ was not required to favor or give any specific evidentiary weight to Dr. Konecke's opinion simply because she was Kammer's consultative examiner.

Instead, the current regulations require an ALJ to determine and "articulate . . . how persuasive" a medical opinion is based on several factors: supportability, consistency, relationship with the claimant, specialization, and other factors tending to support or contradict a medical opinion. §§ 416.920c(b), (c)(1)–(5). The ALJ may, "but [is] not required to," explain the considerations for the other factors under subsection (c). *Id.* Further, the ALJ is "not required to articulate how [the ALJ] considered each medical opinion or prior administrative medical finding from one medical source individually." § 416.920c(b)(1). Here, the ALJ has properly evaluated Dr. Konecke's opinion in accordance with the regulations.

First, the ALJ explained that Dr. Konecke's own objective examination of Kammer reported findings within normal limits. *See* doc. 5-2 at 31. In particular, Dr. Konecke's examination demonstrated, among other normal findings, normal gait and range of motion in all spheres, and full strength in the upper and lower extremities. *Id.* The ALJ, therefore, found unpersuasive Dr. Konecke's opined limitations for Kammer regarding standing, walking, and bilateral upper extremities. *Id.* at 32. The ALJ reasoned that these opinions were unpersuasive

because they were inconsistent with and unsupported by Dr. Konecke's "own clinical examination, which was reported well within normal limits." *Id.*

When weighing medical opinions, ALJs "must consider a range of factors, but all they must explain are the reasons for their decisions." *Zaborowski v. Comm'r of Soc. Sec.*, 115 F.4th 637, 638 (3d Cir. 2024). A finding that a treating source's opinion conflicts with the source's own treatment records suffices to explain the reason for an ALJ's decision. *See, e.g., Swank v. O'Malley*, No. 23 1244, 2024 WL 4858586, at *10 (M.D. Pa. Nov. 21, 2024) (finding no error in an ALJ's analysis of the consistency factor where the ALJ noted that a claimant's treating source's opinion was internally inconsistent and was at odds with many treatment notes); *see also Solberg v. O'Malley*, No. 23-2639, 2024 WL 1943328, at *6 (E.D. Pa. Apr. 30, 2024) (finding an ALJ's consistency assessment, which determined a medical opinion unpersuasive because it was inconsistent with the source's own treatment notes, "well-reasoned and adequate"). Here, the ALJ did not err by finding that Dr. Konecke's opinion was unpersuasive and inconsistent with her own treatment notes. *See* Doc. 5-2 at 32.

The ALJ's evaluation of Dr. Konecke's opinion, therefore, is supported by substantial evidence.

**B. The ALJ's RFC findings are supported by substantial evidence.**

Kammer next argues that the ALJ erred by failing to incorporate in the RFC the full mental capacity limitations suggested by Dr. Urbanowicz and Dr. Young, both reviewing psychologists, whose opinions the ALJ found generally persuasive. Doc. 9 at 12; see also doc. 5-2 at 33. Specifically, Kammer argues that the ALJ ignored the recommended moderate limitations, limiting her "only to simple work and occasional changes." *Id.* at 13. The Court disagrees.

"As an initial matter, no rule or regulation compels an ALJ to incorporate into an RFC every finding made by a medical source simply because the ALJ gives the source's opinion as a whole 'significant' weight." *Wilkinson v. Comm'r of Soc. Sec.*, 558 F. App'x 254, 256 (3d Cir. 2014). Likewise, "The ALJ was not required to adopt all of [a doctor's] opinion solely because she found the opinion as a whole persuasive." *Id.* Instead, the controlling regulations are clear that the RFC is a determination expressly reserved to the Commissioner. *Id.*, citing 20 C.F.R. §§ 404.1527(d)(2), 404.1546(c). Here, the ALJ was not required to

incorporate every limitation assessed by Dr. Urbanowicz and Dr. Young, even after finding their opinions persuasive.

Even if the ALJ found the doctors' opinions generally persuasive, the ALJ errs only if he fails to include a limitation in the RFC determination without explanation. *See Shipman v. Kizakazi*, No. 22-636, 2023 WL 5599607, at *9 (M.D. Pa. Aug. 29, 2023); *Michelle M. v. Bisignano*, No. 23-2163, 2025 WL 2713737, at *6 (M.D. Pa. Sept. 23, 2025) (collecting cases); *Warren v. Dudek*, No. 24-635, 2025 WL 1168276, at *5 (M.D. Pa. Apr. 22, 2025), citing *Durden*, 191 F. Supp. 3d at 455, ("While an ALJ is not required to accept every limitation set forth in an opinion that is found to be persuasive, the decision must adequately explain the rationale behind the RFC determination.").

Here, the ALJ properly explained his rationale for the RFC assessment, which did not include the moderate limitations that Dr. Urbanowicz and Dr. Young suggested. At the start of the RFC stage, the ALJ thoroughly reviewed Kammer's mental health treatment records and consistently found that they reflected normal findings. *See* doc. 5-2 at 30 (normal motor activity, cooperation, clear speech, coherent and logical thought, and good insight and judgment); *id.* at 31 (Kammer

denying any complaints of depression or anxiety and repeat mental status exams showing normal mood and good insight and judgment). The ALJ, therefore, explained that he considered "the combined effects of moderate limitation to concentration, persist [*sic*] and maintaining pace and moderate limitation to understanding, remembering and applying information by reducing the claimant to simple work and occasional changes in the routing work setting." *Id.* Thus, contrary to Kammer's argument (doc. 9 at 13), the ALJ specifically considered Kammer's moderate limitations, including those opined by Dr. Urbanowicz and Dr. Young, to craft the RFC. *Compare id.* at 31 (explaining mental health treatment records), *with id.* at 33 (reviewing Drs. Urbanowicz and Young's opinions). But, after considering "all the evidence of record, including the claimant overall history of treatment, the findings from objective examinations, and her testimony at the hearing," the ALJ concluded that Kammer "retains the capacity to perform work within the above residual functional capacity, but notes that the record does not support finding that the claimant would require any more significant mental functional limitations, or support finding that she would have any marked or extreme limitations under the paragraph B criteria." *Id.* at 31.

Throughout the step five analysis, the ALJ thoroughly explained why he crafted the RFC as he did and supported his explanation with substantial evidence through citations to specific evidence. Doc. 5-2 at 25-35.

On the whole, the ALJ's decision is supported by substantial evidence, and thus the Court will affirm the decision of the Commissioner.

## IV. CONCLUSION

Accordingly, the Commissioner's decision will be **AFFIRMED**.

An appropriate order follows.

Date: August 25, 2026

s/*Sean A. Camoni*
Sean A. Camoni
United States Magistrate Judge